IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Mark Samuel LANDERS,<br>    Petitioner,<br><br>v.<br><br>Ralph HOOKS, et. al.,<br>    Respondents. | )<br>)<br>)<br>)  2:06-CV-975-MEF<br>)<br>)<br>) |

## RESPONDENTS' SUPPLEMENTAL ANSWER

Come now the Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama, and address the amendments to Landers's petition filed in this Court on February 8, 2007. As detailed in the paragraphs that follow, Landers's petition is due to be denied and dismissed because his claims i) do not invoke this Court's jurisdiction and, ii) are procedurally defaulted.

### A. Amendment one

1. Landers first asserts to this Court that, although he did not raise Ground One (issue a.) on direct appeal, it implicated the trial court's subject matter jurisdiction and, therefore, could "be raised at any time in any proceeding." (Amendment, p. 1) This statement does not add anything new to his argument or otherwise alter the analysis of the claim.

2. As the Respondents explained in their Answer, Landers's indictment claim was "squarely presented" to the Court of Criminal Appeals and the Supreme Court of Alabama. The last state court to address the issue (the Alabama Court of Criminal Appeals) rejected Landers's characterization of the claim as "jurisdictional" and ruled that it was precluded from review. (Ex. F, p. 3-4) Therefore, because Landers's indictment was not fatally defective so as to call the trial court's jurisdiction into question, *see Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989), "this Court is foreclosed from reviewing [Landers's] contention." *Tuck v. Bullard*, No. Civ.A. 203CV850DWO, 2005 WL 1138810, at *1 (M.D. Ala. Apr. 27, 2005) (unpublished decision).

   **B. Amendment two**

3. Landers next "add[s]" to each of his grounds for relief the arguments that the state courts' rulings were "contrary to, or involved an otherwise unreasonable application of, clearly established Federal law . . . or was a decision based on an unreasonable determination of facts in light of the evidence presented[,]" and that the state courts "adjudications" were not "based upon an independent and adequate State ground for

denying relief." (Amendment, pp. 1-2) Like the amendment above, these paragraphs add nothing to and do not alter the analysis of Landers's various grounds for relief. Without going into too much detail, the Respondents will briefly mention each claim and how Landers's amendment does not change the ultimate disposition of each claim.

4. First, as to Grounds One (issue a.) and Eight (issue h.), Landers's argument simply does not invoke this Court's jurisdiction. Because "federal courts must follow the interpretation of Alabama law by the highest court of that state absent a Constitutional violation[,]" *Hunt v. Tucker*, 93 F.3d 735, 737 (11th Cir. 1996), and the Supreme Court of Alabama agreed with the Court of Criminal Appeals's conclusion that Landers's attack on his indictment did not affect the trial court's jurisdiction (*see* Ex. F, pp. 3-4; Ex. J; Ex. L), "this Court is foreclosed from reviewing [Landers's] contention." *Tuck*, 2005 WL 1138810, at *1. (*See* Answer, pp. 16-18) Further, the issue is procedurally defaulted under an independent and adequate ground, Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure. *See Brownlee v. Haley*,

3

306 F.3d 1043, 1065-66 (11th Cir. 2002). (*See* Answer, pp. 29-31, 37-38)

5. Landers's amendment does not affect Ground Two (issue b.). The state courts ruled the claim was precluded from review under Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure. This rule is an independent and adequate state ground for denying relief. *Cf. Kennedy v. Hopper*, 156 F.3d 1143, 1147 (11th Cir. 1998); *Palmer v. Price*, No. 2:03CV1132-MEFWO, 2006 WL 1008978, at *3 n.1 (M.D. Ala. Apr. 17, 2006). As a consequence, the issue is procedurally defaulted. (*See* Answer, pp. 31-32)

6. Landers's amendment likewise does not affect Ground Three (issue c.). He did not exhaust the sub-issues of this provision. As explained by the Eleventh Circuit, to exhaust,

> "[i]t is not sufficient merely that the federal habeas petitioner has been through the state courts nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation."

*McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). As explained in paragraph 28 of Respondents' Answer (Answer, pp. 20-24), Landers failed to present the state courts with the same claims alleged as a basis for habeas corpus relief. Accordingly, he did not exhaust his arguments and they remain procedurally defaulted (*see* Answer, pp. 26-27). *See id.* at 1302-05.

7. Like the preceding ground, Landers's Grounds Four (issue d.), Five (issue e.), and Six (issue f.) are not affected by the amendment. The issues were ruled barred from review under Rule 32.2(a)(4), an independent and adequate state ground. *Cf. Kennedy*, 156 F.3d at 1147; *Palmer*, 2006 WL 1008978, at *3 n.1. Consequently, they are procedurally barred. (*See* Answer, pp. 24-25, 25-26, 26-27, 32-34)

8. Landers's Ground Seven (issue g.) is also not affected by the amendment. The state courts ruled that his arguments contained in that ground were precluded under Rules 32.2(a)(3) and 32.2(a)(4) of the Alabama Rules of Criminal Procedure. (Ex. A, C. 169-71) These rules constitute adequate and independent grounds for relief. *See Brownlee*, 306 F.3d at 1065-66. *Cf. Hopper*, 156 F.3d at 1147. Thus, Landers's Ground Seven remains procedurally defaulted.

### C. Amendment three

9.  As his final amendment, Landers requests this Court grant an evidentiary hearing and discovery on the claims in his petition. (Amendment, p. 2) He is not entitled to such relief.

10. Rule 6(a) of the Rules Governing § 2254 Cases states that the right to discovery rests in the district judge's discretion upon a showing of "good cause." 28 U.S.C. 2254(e)(2) states that a petitioner is not entitled to an evidentiary hearing unless he establishes either i) his claim is based on a new rule of constitutional law, ii) that he could not have previously discovered the factual basis for his claim, or iii) the facts would establish "by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."

11. Here, Landers has not satisfied any of those requirements. Landers was afforded the opportunity to develop and, in fact, litigated the majority of his claims on the merits in state court on direct appeal. The state courts closely reviewed his allegation of "newly discovered evidence" and found that it did not warrant relief. (*See* Ex. A, 169-70; Ex. F. pp. 3-4) Moreover, this latter claim would not be a proper ground to factually develop in the federal courts,

given the claim does not allege a viable constitutional violation to invoke this Court's review. *See Herrera v. Collins*, 506 U.S. 390, 400-05, 113 S. Ct. 853, 860-63 (1993).

12. Landers's arguments are procedurally defaulted and "[a] state habeas petitioner is not entitled to an evidentiary hearing in federal court on the merits of a procedurally defaulted claim unless he can first overcome the procedural bar." *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996). Landers's amendment presented to this Court does not address – or, more notably, excuse or overcome – the fact that his claims are procedurally defaulted. Thus, he is not entitled to deeper examination of his claims at this level of review. *See Lusk v. Singletary*, 112 F.3d 1103, 1106 (11th Cir. 1997) (affirming district court's decision to deny evidentiary hearing on procedurally defaulted habeas corpus claim), *cert. denied*, 522 U.S. 1096, 118 S. Ct. 894 (1998).

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/Stephanie N. Morman
Stephanie N. Morman (MOR105)
Deputy Solicitor General

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and rely on the same to forward the Supplemental Answer to Counsel for the Petitioner at WNC@rmclaw.com and whm@rmclaw.com.

/s/Stephanie N. Morman
Stephanie N. Morman (MOR105)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: smorman@ago.state.al.us

286389/104072-001

8